The following opinion was delivered at special term :
“Van Vorst, J.
Under all the facts and circumstances of this case, I must regard the moneys received on the check for $3,000, which have not been paid over to the creditor, but which are still in the hands of the attor *552 ney under whose advice the check was drawn, and with whom it was left by the drawee for collection, as still in a position to be affected by this suit—in other words, as funds of the assigned estate to be controlled. by the assignee under the judgment of this court. The attorney with whom the check was intrusted- by the creditor was the attorney and counsel for the assignee. .
“ The check, it is true, was drawn payable to the order of the creditor, who indorsed and delivered it to the attorney for collection, to whom he also gave the obligation which was the evidence of his claim against the assignors, the payment of which was provided for in the assignment. At this point of time, the attorney appeared" to occupy the two-fold position as counsel for the assignee and as agent for the creditor to the extent of collecting the moneys on the check for him, but he did not, by the whole transaction, cease to represent the assignee.
“I cannot but regard the action of the assignee as designed to frustrate this action, which was about to be brought, and of which the attorney, and counsel for the assignee had already been advised. Of this notice to his attorney, the assignee presumably had information.
“An action in favor of another creditor seeking to impeach this assignment was then pending, and this one was on the eve of being commenced. The action of the assignee in giving this check on November 25, leads irresistibly to the conclusion that it was a step on his part to get rid of the moneys in his hands through the payment of the claim of a preferred creditor which the action about to be brought was designed among other things to prevent.
“Assignees, it is true, should move with reasonable diligence in closing up the trusts committed to them. But I am not aware that they are called upon to exercise extraordinary speed to prevent the lien of a creditor’s action about to be commenced, especially when there is an action actually pending, which challenges the honesty and validity of the assignment.
*553 “Was the commencement of this action, by the service of a summons only, a notice to the assignee ? Under all the facts, I think it was.
“The object of the action, it is true, was not stated in the summons, but the assignee must have known the purposes of the suit from the summons itself. He could have known that the plaintiffs had no other ground of complaint against him in connection with the assignor, as a co-defendant, than such as arose from the assignment in question, which was already the subject of inquiry in a legal proceeding.
“ This question of notice is often one of difficulty, but I find none in this case. It would be idle to suppose for a moment that the assignee did not know, when the summons was served upon him, the object or purpose of the action in which he was impleaded with the assignor at the suit of a creditor of the latter. In any event, he was put upon inquiry.
“ The question involved in the transaction is one of good faith, and where a party knows facts sufficient to put him upon inquiry he is supposed to have ascertained the extent of the rights claimed (Williamson v. Brown, 15 N. Y. 354).
“ When the summons was served upon the assignee the moneys covered .by the check still stood to his credit undrawn in the bank. He could have stopped its payment in an instant by a notice. The moneys were not drawn till afterwards. The check was no assignment of the funds mentioned, and the creditors’ claims are still in the hands of the attorney.
“ The creditor is a little nearer the money than he was before this suit was commenced, but not so near as that he may rightfully claim it in opposition to the demands of this suit, which challenges the assignee’s right to dispose of it under the assignment which has been in this action, adjudged to be fraudulent and void as to the plaintiff.
“ By this result the creditor, although he may be dis *554 appointed, is actually in no worse condition than he was before the check was drawn to his order. He has parted with no valuable consideration. He may be restored to his former position without damage. The unpaid note is still in the hands of his agent. The note may be returned to him and the money in effect to the assignee to meet the demand of this suit.
Blumenstiel & Hirsch, for appellants.
8. F. Kneelcmd, for respondents.
“ The referee’s report, to the extent that it approves of the transaction above, referred to, or credits the assignee with the payment of the money to the creditor, cannot be confirmed.”
Per Curiam.
Order appealed from- affirmed, with costs, &c., upon the opinion of the learned judge at special term.